IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

In re:

Kevin Love,

Chapter 13

Debtor.

Case No. 10-40266

## MEMORANDUM DECISION

Two motions are before the court—the standing trustee's motion to dismiss for material default and Debtor's motion to modify plan. These conflicting motions raise the important issue of how the court should address a debtor's inability to complete a plan that was not feasible at the outset, despite five years of diligent payments.

## FACTUAL HISTORY

Debtor, Kevin Love, filed a Chapter 13 case in September 2010 with the help of his attorney, Timothy Liou. Five months later, Debtor's plan was confirmed. The plan called for 60 monthly payments totaling $19,560, including a 27.53% dividend to general unsecured creditors. Curiously, the plan also included a special provision requiring a $21,768 payment to general unsecured creditors—equivalent to 44.35% of the general unsecured claims.[1]

Two years post-confirmation, Timothy Liou was suspended from the practice of law before the United States Bankruptcy Court for the Northern District of Illinois.[2] Thereafter, the IRS filed an unopposed, post-petition tax claim for $3,809. No one moved to modify the plan.

---

[1] It is not clear from the record why this provision was added to the plan. This provision was not included in any of the previously proposed plans. The trustee speculates that it was added to resolve the trustee's objection to Debtor's means test.

[2] Case No. 12-MP-90002.

1

This priority tax claim was paid and the overall dividend to unsecured creditors effectively reduced.

After 61 monthly payments, the trustee brought a motion to dismiss for material default. Debtor responded with a motion to modify, seeking to strike the special provision and reduce the percentage owed to general unsecured creditors. Debtor's proposed modification would end plan payments and allow Debtor to receive his discharge.

## DISCUSSION

Section 1329 of the Bankruptcy Code allows a debtor to modify a plan post-confirmation, but before completion of payments, to reduce payment to a class of claims. 11 U.S.C. § 1329(a). Any modification must also comply with Sections 1322(a), 1322(b), 1323(c), and 1325(a). 11 U.S.C. § 1329(b)(1). The court, however, "may not approve a period that expires after five years..." 11 U.S.C. §1329(c); but see *In re Henry*,[3] 343 B.R. 190 (Bankr. N.D. Ill. 2006)(citing *In re Brown*, 296 B.R. 20, 22 (Bankr. N.D. Cal 2003)(denying a motion to dismiss and allowing plan payments to continue past 60 months)).

A debtor does not need to show a change in circumstances to modify the plan. *Matter of Witkowski*, 16 F.3d 739, 742 (7th Cir. 1994). The United States Court of Appeals for the Seventh Circuit has held that there is no threshold requirement for modifications. *Id.* Modification decisions are discretionary as long as the end result falls within the four enumerated options in § 1329(a). *Id.* at 745 ("modifications under § 1329 are not limitless . . . Rather, by the express terms of the statute, modifications are only allowed in three limited circumstances [now four circumstances after amendment in 2005] ...").

In this case, modifying the plan to strike the special provision and reducing the percentage owed to general unsecured creditors is appropriate.

---

[3] Affirmed, 368 B.R. 696 (N.D. Ill. 2007).

2

This modification falls within the restrictions set by § 1329. The request is timely because Debtor has not completed his obligations under the plan. See *In re Phelps*, 149 B.R. 534, 537 (Bankr. N.D. Ill. 1993)(citing *In re Chancellor*, 78 B.R. 529, 530 (Bankr. N.D. Ill. 1987)(finding that a plan is complete when the debtor has paid the percentage owed to each class of creditors as provided for in the plan)). The other provisions referenced in § 1329 are met,[4] and the court is not approving a period beyond five years. The modification ends plan payments at the 60-month mark. Furthermore, reducing the amount paid to a class of creditors is expressly allowed by § 1329(a). Courts routinely grant motions to modify plans to decrease payments. See e.g. *In re Davis*, 439 B.R. 863 (Bankr. N.D. Ill. 2010)(modifying a plan to decrease monthly payments and shorten the plan term when the debtor lost her job and separated from her husband); *In re Wills*, No. 10-72120, 2014 WL 2442275 (Bankr. C.D. Ill. May 30, 2014)(modifying a plan to reduce payments when a plan's feasibility was negatively affected by debtors' divorce); *In re Campbell*, 500 B.R. 56 (Bankr. D.N.M. 2013)(modifying a plan to eliminate a balloon payment at the end of the five year term). There is no reason why this case should be the exception.

## CONCLUSION

Navigating a chapter 13 bankruptcy is difficult. It was especially difficult for this debtor. During crucial portions of the commitment period, Debtor was represented by counsel later disbarred, or was simply operating pro se. Nevertheless, Debtor faithfully continued to make plan payments. He is entitled to a fresh start. See *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) (noting that a central purpose of the Bankruptcy Act was to provide a fresh start to the honest but unfortunate debtor). The motion to modify plan is GRANTED. Debtor's plan will be

---

[4] Compliance with Section 1325(b) is not expressly required for a plan modification. 11 U.S.C. § 1329(b); but see *In re King*, 439 B.R. 129 (Bankr. S.D. Ill. 2010).

modified to (1) lower the percentage owed to general unsecured creditors, and (2) strike the special provision requiring a $21,768 payment to general unsecured creditors.

In light of the modifications to Debtor's plan, Debtor is not in material default, and the motion to dismiss is DENIED. It may be so ordered.


Dated: February 24, 2016

_____
DEBORAH L. THORNE
UNITED STATES BANKRUPTCY JUDGE